Daniel H. Horne

*v.*

Sarah A. Walton.

*Filed at Ottawa May 15, 1886.*

1. Fraud and deceit—*measure of damages.* The true measure of damages in an action for fraud and deceit, by which the defendant induced the plaintiff to part with his money, is the amount of money obtained by the false and fraudulent representations, and interest thereon.

2. Where a defendant induces the plaintiff to loan money on the note and mortgage of a third person, on his false and fraudulent representations of the solvency of the maker of the note and the title of the mortgagor to the mortgaged property, knowing the note and security to be worthless, he, the defendant, will be liable to the plaintiff for the amount of money thus obtained, with interest. In such case the measure of damages is not the difference in value of the property included in the mortgage at the time of the representations, and its value if the representations had been true.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Kirk Hawes, Judge, presiding.

Mr. L. D. Condee, for the appellant:

Bouvier defines fraud to be "unlawfully, designedly and knowingly to appropriate the property of another without a criminal intent." He defines deceit to be "fraudulent misrepresentation or contrivance, by which one man deceives another who has no means of detecting the fraud."

False representations as to the condition, situation, title and value of real estate are not actionable, unless the purchaser has been fraudulently induced to forbear inquiry, and then the means used must be set out in the declaration. *Brown* v. *Bledsor*, 1 Idaho, (N. S.) 76; *Crown* v. *Carrigar*, 66 Ala. 590; *Paisley* v. *Freeman*, 2 Smith's L. C. 142.

An averment that defendant well knew his representations to be false, is not maintained by proof that they were false, and that he made them ignorantly. *Lord* v. *Goddard*, 13 How. 198.

An averment that the representations made by the defendant were well known by him to be untrue, is not supported by proof that the defendant had reasonable cause to believe that they were untrue. *Pearson* v. *Howe,* 1 Allen, (Mass.) 207.

In an action for fraudulent representations which defendant is alleged to have known to be false, such knowledge is an essential ingredient, and must be proved; the statement must be untrue; the party making it must know that it is false, and the person seeking to recover must have relied on the statement as true, and have been induced to act upon the statement. *Wheeler* v. *Randall,* 48 Ill. 182; *Hiner* v. *Richter,* 51 id. 299; *Merwin* v. *Arbuckle,* 81 id. 502.

The rule of law is *caveat emptor* if the purchaser has equal means of information; and it is not contended but what the appellee had an equal opportunity with appellant to examine the records of real estate transfers in the recorder's office of Cook county, and determine for himself as to the validity of the title to the lots described in the mortgage from Carpenter to Walton. *Hill* v. *Bush,* 19 Ark. 522.

When a purchaser, with full means of knowledge within his reach, fails to avail himself of such information, he can not recover. *Post* v. *Williams,* 6 Ind. 219; *Veasy* v. *Dotin,* 3 Allen, 380.

The court erred in refusing to give defendant's instruction as to the measure of damages. Sedgwick on Measure of Damages, 702; *Drew* v. *Beall,* 62 Ill. 168.

Mr. JOSEPH WRIGHT, for the appellee:

An objection to evidence for variance comes too late in this court. *City of Elgin* v. *Kimball,* 90 Ill. 356; *Thompson* v. *Hoagland,* 65 id. 310; *Driggers* v. *Bell,* 94 id. 223; *Schill* v. *Reisdorf,* 88 id. 411.

It was not necessary to a recovery that defendant should have profited by the transaction. *Paisley* v. *Freeman,* 2 Smith's L. C. 142.

The rule announced in *Drew* v. *Beall*, 62 Ill. 168, is good law in respect to the measure of damages in suits for deceit on a sale of land, or for deceit in relation to its quality or condition; also when the plaintiff actually gets the title to the land. But the rule there stated is not the law of this case, as, here, no title passed.

The proper measure of damages on the sale of land when the owner has no title to convey, is the consideration paid, with interest, and not the value of the land. 2 Sutherland on Damages, 257; *Frazer* v. *Peoria County*, 74 Ill. 282.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

Sarah A. Walton recovered a judgment in the circuit court of Cook county, against Daniel H. Horne, at its February term, 1885, in an action on the case for deceit, for the sum of $1015, which, on appeal, was affirmed by the Appellate Court for the First District. The matter to be considered and determined here is, whether the record before us discloses any error of law for which the Appellate Court should have reversed the judgment of the trial court.

The evidence tends to show that in the summer of 1877 appellee was residing with her husband near Riverdale, this State, both being in the employ of a Mr. Bowen, the husband as a laborer on his farm, and the wife as his housekeeper; that the defendant was an acquaintance of theirs, and knew that plaintiff had saved out of her earnings a small sum of money; that the defendant called at their house, and inquired of her where she kept her money; that on being informed she kept it "in the savings bank," he told her it was not safe to keep it there; that most of the banks were breaking, and he would advise her as a friend to take the money out of the bank at once; that he knew where she could let it out on better terms than she was getting at the bank, secured by

mortgage on certain lots, the title to which he assured her was perfectly good, with the exception of some back taxes due on them, and that the money he proposed to get of her was wanted to pay off the taxes in question; that the lots belonged to a Mr. Carpenter and one Gibbons, who were "worth $100,000, and just as good as the bank of England." The evidence also tends to show that the above representations were false, and made with the intent and for the purpose of deceiving and defrauding appellee, and that by means thereof the defendant finally induced the plaintiff to let him have $700 cash, receiving from him in exchange a note for that amount, purporting to be executed by Daniel H. Carpenter of Cincinnati, secured by a mortgage on the lots referred to by the defendant, which would have been ample security for the money if the title had been good. It is conceded, however, Carpenter had no title whatever to the lots, and the evidence tends to prove that the defendant well knew it at the time of making such representations.

As it most generally happens in cases of this character, there is a conflict in the testimony, but with this we are not concerned. The only alleged error complained of in the argument of appellant worthy of notice, is the court's refusal to give to the jury the following instruction:

"The court instructs the jury that if they find the issues for the plaintiff, then the true measure of damages is the difference in value between the value of the property alleged as having been offered and included in the mortgage given as security at the time the transaction was had, and what it would have been worth at that time had it been, as the jury believe from the evidence, said defendant represented it to said plaintiff, and said plaintiff believed it to be from said representations. The court further instructs the jury, that in the absence of any such testimony as to such valuation, and if the jury should find that no such evidence has been given herein, then you should find for the defendant."

This instruction seems to be based upon a total misapprehension of the true character of the action and the grounds upon which the plaintiff is entitled, if at all, to recover. The *gravamen* of the complaint, as we understand it, is the alleged fraud and deceit of the defendant, by means of which the plaintiff was induced to part with her money. The actual loss she sustained was the amount of money she was induced to part with by means of the false and fraudulent representations made to her by the defendant.

What is here said is equally applicable to appellant's suggestions in respect to the measure of damages.

The present case is in all it essential features like the case of *Horne* v. *Walton, ante,* 130, wherein we reached the same conclusion we have in this case.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*